**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

| | |
|---|---|
| In re: Raven Michelle Hinnant | Case No. 16-32386-KLP |
| Debtor | Chapter 7 |

RAVEN MICHELLE HINNANT
        Plaintiff

v.                                                                                      Adv. Pro. No. _____

ROSEBUD ECONOMIC DEVELOPMENT CORPORATION,
a tribally chartered corporation doing business as
FIRSTPAY LOANS and ROSEBUD LENDING BHL

        Defendant.

Serve:
Wizipan Garriott Little Elk, CEO
Rosebud Economic Development Corporation
27565 Research Park Drive
Mission, SD 57855

**COMPLAINT TO DETERMINE SANCTIONS FOR CONTEMPT FOR VIOLATING DISCHARGE INJUNCTION UNDER 11 U.S.C. §524**

Comes now Raven Michelle Hinnant ("Plaintiff"), by counsel, pursuant to 11 U.S.C. § 524 and 11 U.S.C. § 105 and files this Complaint to Determine Sanctions for Contempt for Violating the Discharge Injunction of 11 U.S.C. §524. In support, Plaintiff respectfully states the following:

**Jurisdiction**

1.    This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

---

Emily Connor Kennedy (VSB #83889)    Thomas D. Domonoske (VSB #35434)
Mark C. Leffler (VSB #40712)    Consumer Litigation Associates, P.C.
Boleman Law Firm, P.C.    763 J. Clyde Morris Blvd, Suite 1A
2104 W. Laburnum Ave., Suite 201    Newport News, VA 23601
Richmond, VA 23227    Telephone: (540) 442-7706
Telephone (804) 358-9900    Counsel for Plaintiff
Counsel for Debtor/Plaintiff

2.This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O), and it arises as a result of a Chapter 7 bankruptcy case the Plaintiff filed in this Court on May 11, 2016.

3.Venue is proper pursuant to 28 U.S.C. §1409.

## Parties

4.Raven Michelle Hinnant is the debtor in the related Chapter 7 case and is a resident of the Commonwealth of Virginia.

5.The defendant, Rosebud Economic Development Corporation, is a tribally chartered corporation doing business as Firstpay Loans and Rosebud Lending BHL ("FirstPay"). FirstPay is doing business in Virginia as a consumer finance company (as defined in Va. Code § 6.2-1500), but is not licensed under Va. Code § 6.2-1501(A) to act as a consumer finance company in Virginia.

## Facts

6.On May 11, 2016 (the "Petition Date"), Ms. Hinnant filed for an order for relief under Chapter 7 of the Bankruptcy Code protection pursuant to 11 U.S.C. § 101 et seq.

7.On the Petition Date, Ms. Hinnant filed her Schedules, including Official Form 106E/F (Schedule E/F: Creditors Who Have Unsecured Claims).

8.Among the creditors Ms. Hinnant listed on her Schedule E/F was "First Pay Loans Aka Rosebud" ("FirstPay"). She listed an address for FirstPay of 101 Research Park Drive, PO Box 995, Mission, SD 57570.

9.FirstPay's website, https://www.firstpayloans.com/ (last dated visited April 7, 2017), includes the following statement: "FirstPayLoans.com is a trading name of Rosebud Lending BHL".

10. The address Ms. Hinnant listed for FirstPay in her Schedules is an address associated with FirstPay. (See, e.g., the Washington State Department of Financial Institutions (DFI) website at http://www.dfi.wa.gov/consumer/alerts/rosebud-lending-pcl-pixycashcom-not-licensed-washington, last date visited April 7, 2017).

11. On May 14, 2016, the Bankruptcy Noticing Center mailed the Notice of Chapter 7 Bankruptcy Case, via first class mail, to FirstPay at the address listed in the Schedules. A copy of the Notice of Chapter 7 Bankruptcy Case is attached as Exhibit 1.

12. On May 26, 2016, Plaintiff sent an email to FirstPay at customerservice@firstpayloans.com, which included as attachments a copy of the entire bankruptcy Petition and Schedules, and an ECF receipt identifying the debtor's name, the bankruptcy case number, the name of the filing attorney, and the date the bankruptcy case was filed. A copy of the May 26, 2016, email is attached as Exhibit 2, and a copy of the ECF receipt the Plaintiff sent to FirstPay is attached as Exhibit 3.

13. FirstPay maintains a webpage as part of its website, which contains the heading "Contact Us". See https://www.firstpayloans.com/contact/, last visited April 17, 2017. The same webpage says, "For questions or complaints regarding loans, please contact our customer service", and lists a phone number of 1-877-873-8710, an email address of customerservice@firstpayloans.com, and a fax number of 1-561-513-4095.

14. On August 24, 2016, this Court entered an Order of Discharge of Debtor (the "Discharge Order"). A copy of the Discharge Order is attached as Exhibit 4.

15. On August 27, 2016, the Bankruptcy Noticing Center mailed via first class mail the Discharge Order to FirstPay at the address listed in the Schedules.

16. On August 29, 2016, the Court closed the bankruptcy case.

17. On or about the following dates, FirstPay or its agents unsuccessfully attempted to debit funds, in the corresponding amounts, from the Plaintiff's bank account at Navy Federal Credit Union ("Navy Federal"):

| | |
|---|---|
| 05-19-2016 | $115.26 |
| 11-17-2016 | $94.92 |
| 12-01-2016 | $94.92 |
| 12-15-2016 | $94.92 |
| 12-29-2016 | $94.92 |
| 01-12-2017 | $94.92 |
| 01-26-2017 | $94.92 |
| 02-09-2017 | $94.92 |
| 02-23-2017 | $94.92 |
| 03-09-2017 | $94.92 |
| 03-23-2017 | $94.92 |
| 04-06-2017 | $94.92 |
| 04-20-2017 | $94.92 |

18. Each attempt resulted in Navy Federal charging Plaintiff $29.00 in fees because of insufficient funds. As a result of FirstPay's actions, Plaintiff has been charged $377.00 in fees by Navy Federal.

19. On February 24, 2017, Plaintiff received an email from customerservice@firstpayloans.com, which included the following message:

> Dear Raven Hinnant,
>
> We have reviewed your account in reference to a bankruptcy chapter previously mentioned to customer service representatives. Please be informed that in order for *FirstPayLoans* to honor the stay in your account, you must send us documentation to prove you filed for Bankruptcy. Your account with contract date from 05/02/2016 will remains in a *'Open'* status with us:

Attached to the same email were images from Plaintiff's purported Loan Agreement with FirstPay, purported Truth in Lending Disclosures, and various account transaction histories. A copy of FirstPay's February 24, 2017, email to Plaintiff is attached as Exhibit 5.

20. On March 11, 2017, Plaintiff received an email from nicole.aguirre@firstpayloans.com, which informed Plaintiff that "we wish to inform your

account remains in an "Open" status with us". FirstPay then offered the following "very favorable settlement terms":

> **If you process a payment of $245.00 only , we will close the account and send you a pay off confirmation letter.**

A copy of the March 11, 2017, email is attached as Exhibit "6".

21. Upon information and belief, FirstPay sent other emails to Plaintiff in attempts to collect the discharged debt.

22. Upon information and belief, FirstPay has called Plaintiff's cell phone on numerous occasions in an attempt to collect the discharged debt.

23. Upon information and belief, FirstPay has referred the account for collections to Oliphant Financial, LLC, a Florida debt collector.

24. FirstPay's actions have caused damage to Plaintiff, including bank fees assessed against her by Navy Federal, the cost of moving the Court to reopen the bankruptcy, significant stress, emotional distress, and disruption to her life, and they will continue to cause the same types of damage throughout the prosecution of this adversary proceeding.

## Discussion

25. 11 U.S.C. § 524 provides in part that

"(a) A discharge in a case under this title

"(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

"(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this

title that is acquired after the commencement of the case . . . . "

11 U.S.C. § 524(a).

26.    This Court has previously described the effect of the discharge injunction and the important purposes it serves:

> "Section 524(a) of the Bankruptcy Code permanently enjoins all creditor actions to collect debts discharged under § 727. [  ]. The purpose of the permanent injunction set forth in § 524 and reiterated in the discharge order is to effectuate one of the primary purposes of the Bankruptcy Code, to afford the debtor a financial fresh start. [  ]. Congress designed and intended the permanent injunction 'to give complete effect to the discharge, to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts," and to ensure that "once a debt is discharged, the debtor will not be pressured in any way to repay it."

*In re Cherry*, 247 B.R. 176, 182-83 (Bankr. E.D. Va. 2000), citing *In re Latanowich*, 207 B.R. 326, 334 (Bankr.D. Mass. 1997) and S.Rep. No. 989, 95th Cong., 2d *183 Sess. 80–81 (1978), *reprinted in* 1978 U.S.C.C.A.N., 5787, 5866; H.R.Rep. No. 595, 9th Cong., 1st Sess., 365–366 (1977)).

27.    This Court recently cited the Fourth Circuit's unpublished opinion, *Bradley v. Fina (In re Fina)*, in stating its view of the elements for an actionable violation of the discharge injunction of § 524:

> "As recently noted by the Fourth Circuit when addressing the violation of the discharge injunction of § 524, 'Most courts to have considered the issue of contempt sanctions in this context have settled on a two-part test, (1) whether the creditor violated the injunction, and (2) whether he or she did so willfully.' [  ].
>
> To establish the willfulness necessary to establish a cause of action for violation of the automatic stay, the debtor need not demonstrate 'specific intent but must only commit an intentional act with knowledge of the automatic stay.' [  ]. Therefore, if a debt has been discharged and a creditor with knowledge of the discharge seeks thereafter to collect the debt, the creditor has violated the discharge injunction of § 524."

*In re Minor*, 2015 WL 1540969 at *4-5 (Bankr. E.D. Va. 2015), citing *Fina*, 550 Fed.Appx. 150,

154 (4th Cir.2014) (unpublished opinion) (internal citations omitted).

28. Further, 11 U.S.C. § 105(a) allows the court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

29. Specifically, § 105(a) "authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with a previous order." *In re Cherry*, 247 B.R. 176, 186-187.

30. This Court has recognized that violation of the discharge injunction "is punishable by the imposition of civil sanctions. [ ]. These sanctions may include actual damages, attorney's fees and, when appropriate, punitive damages." *Cherry* at 187 (internal citations omitted).

## **Argument**

31. FirstPay's many violations of the discharge injunction in this case were committed willfully, deliberately, and with knowledge of the Discharge Order.

32. FirstPay was given notice of the bankruptcy filing by U.S. Mail at its address.

33. FirstPay was given a copy of the bankruptcy Petition and Schedules, and an ECF filing receipt with full case information, by email at its customer service email address.

34. FirstPay was given a copy of the Discharge Order by U.S. Mail at its address.

35. FirstPay acknowledged the bankruptcy in its own February 24, 2017, email to Plaintiff.

36. Despite knowing of the bankruptcy case and of the Discharge Order, FirstPay forced Plaintiff to endure a non-stop campaign of collections and harassment that is forbidden by 11 U.S.C. § 524.

37. FirstPay's blatant disregard for the entry of the Discharge Order and injunction is shocking. Despite its knowledge of Ms. Hinnant's discharge, FirstPay has attempted to draft funds from Plaintiff's bank account every two weeks for over five months, costing Plaintiff to

incur $377.00 in bank fees. FirstPay's egregious actions, which include sending outrageous and wrongful emails to Plaintiff and calling her cell phone repeatedly, demonstrate its willingness to act without concern for either Plaintiff's right to relief under the Bankruptcy Code or the repercussions that it faces for acting in contempt of this Court's Order.

38.    As a result of FirstPay's wrongful actions, Plaintiff suffered damages, including bank fees, potential lost wages as a result of prosecuting this action, emotional distress, and liability for attorney's fees as a result of her attorneys' efforts to obtain FirstPay's compliance with the discharge injunction, and their efforts in prosecuting this action.

39.    FirstPay's actions justify the imposition of punitive damages. FirstPay knew of Plaintiff's bankruptcy and the entry of the Discharge Order, and elected to continue its collection activities. Accordingly, the violations were not merely willful; they were intentional and malicious toward Plaintiff, and they were contemptuous of this Court's Order. The original Notice of Chapter 7 Bankruptcy Case mailed by the Court and the information Plaintiff emailed to FirstPay provided FirstPay with fair notice that its conduct would subject it to punishment and potentially severe penalties. FirstPay should be punished for its actions to an extent that is significant enough to discourage it and others from pursuing similar courses of action in this or in any bankruptcy case. This deterring result can only be achieved by the imposition of punitive damages.

WHEREFORE, Ms. Hinnant respectfully prays that this Court:

A.   Order FirstPay to immediately cease and desist its and its agents' collections against her;

B.   Determine that FirstPay's actions constitute a willful violation of the discharge injunction;

C. Determine that FirstPay's actions constitute contempt of the Court's Discharge Order;

D. Award damages caused by FirstPay's actions;

E. Assess punitive damages against FirstPay in an amount sufficient to deter FirstPay and others from engaging in such conduct;

F. Award reasonable attorney fees and costs incurred in this action; and

G. Award such other remedies and further relief for Defendant's violation of the discharge injunction as appears just.

Respectfully submitted,

**Raven M. Hinnant**


 /s/ Mark C. Leffler
Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA  23230-1588
Telephone (804) 358-9900
Counsel for Debtor/Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (540) 442-7706
Counsel for Plaintiff